GEORGE S. CARDONA
Acting United States Attorney
WAYNE R. GROSS
Special Assistant United States Attorney
Chief, Santa Ana Branch Office
DEIRDRE Z. ELIOT
Assistant United States Attorney
California Bar Number: 145007
GREGORY W. STAPLES
Assistant United States Attorney
California Bar Number: 155505
CRAIG H. MISSAKIAN
California Bar Number: 125202
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3535
    Facsimile: (714) 338-3564
    E-mail address: greg.staples@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>CHI MAK, et al.,<br><br>            Defendants. | SA CR No. 05-293(A)-CJC<br><br>GOVERNMENT'S SUPPLEMENT TO TRIAL BRIEF RE ADMISSIBILITY OF OPINION EVIDENCE ABOUT WHETHER CERTAIN DOCUMENTS WERE IN THE "PUBLIC DOMAIN" UNDER ITAR |

    The government submits this supplement to its trial brief on the issue of whether defendant's proffered opinion evidence that certain documents were in the public domain under ITAR.

//
//
//
//

| | |
|---|---|
| DATED: March 26, 2007 | Respectfully submitted, |
| | GEORGE S. CARDONA<br>Acting United States Attorney |
| | THOMAS P. O'BRIEN<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | _____/S/_____<br>GREGORY W. STAPLES<br>CRAIG H. MISSAKIAN<br>Assistant United States Attorneys |
| | Attorneys for Plaintiff<br>United States of America |

INTRODUCTION

If the shoe were on the other foot, we would not be having this discussion.

Defendant seeks to offer the opinions of various third parties that some of the information he tried to pass to China was in the public domain. These opinions, defendant argues, are somehow relevant to his state of mind. The third parties in question are employees of Power Paragon's parent, L3 Communications, and presumably, two of defendant's four experts. These witnesses, however, have no connection to defendant's actions in this case and, more importantly, formed their opinions about nature of the information <u>after the crime had been committed</u>.

If the shoe were on the other foot and the government wanted to offer post-crime evidence that the same third parties had come to the <u>opposite</u> conclusion, <u>i.e.</u>, that the information was <u>not</u> in the public domain to show the <u>unreasonableness</u> of defendant's alleged belief, the defense would be quick to denounce the evidence as irrelevant to what defendant believed when he committed the crime. The defense would also be quick to point out that giving such an opinion would be a backdoor way of having a third party testify about an ultimate fact in dispute -- defendant's actual state of mind. Defendant, of course, would be correct on both points. But since the evidence arguably helps defendant, he completely ignores these issues.

As discussed briefly below, admission of the proffered evidence is so contrary to settled law and so potentially confusing to the jury that it should be excluded from opening

statements and from every other aspect of the trial.

## DISCUSSION

### DEFENDANT'S PROFFERED EVIDENCE IS PATENTLY INADMISSIBLE UNDER LONG-SETTLED LAW AND IF ADMITTED WILL HOPELESSLY CONFUSE THE JURY

Defendant seeks to offer evidence of opinions formed <u>post-arrest</u> to prove his <u>pre-arrest</u> state of mind. While courts have allowed evidence of subsequent conduct to show a prior state of mind, no case that the government has found allowed such evidence where, as here, the subsequent conduct is by an unrelated third party. In fact, every case found by the government to have addressed the issue has come to the exact opposite conclusion. The common thread running through all of those cases boils down to a simple, axiomatic, proposition: What defendant did not rely upon -- and, in this case, could not have relied upon -- before he committed a crime has no relevance to his then-existing state of mind. In other words, all of the cases condition admission of state of mind evidence on <u>reliance</u> by defendant. Obviously, defendant could not have relied on anything that took place after he had already acted.

Nor is this evidence admissible to bolster defendant's claim that he believed the information was in the public domain by showing that others came to the same conclusion. Such evidence would be improper opinion testimony under Federal Rules of Evidence 701 and 702 because it clearly invades the province of the jury. The Court has already ruled that experts should not be allowed to comment on the actual evidence in the case, but defendant's proffered testimony does just that. Moreover, it would lead to an undue consumption of time in that for every

witness the defense finds that came to one conclusion the government could find ten that came to the opposite conclusion. Lastly, it would be unduly confusing to the jury because, in the end, what others believed is totally unrelated to what defendant believed unless he relied on them.

United States v. Johnson, 139 F.3d 1359 (11th Cir. 1998) is the case the government found that comes the closest to the present situation.  The defendant was charged with conspiracy to violate the Arms Export Control and argued on appeal that he should have been allowed to "testify to his knowledge of and experience with his employer's relationship with the intelligence community." Id. at 1359.  He had argued that "such evidence was relevant to his lack of specific intent for three reasons: he had a right to explain the circumstances of his behavior, he had a right to show that his beliefs were reasonable, and he had a right to show [his co-conspirator's] relationship with the United States government." Id.  The court of appeal upheld exclusion, explaining:

> The district court properly refused this evidence because [defendant] never laid a foundation for this evidence by suggesting that he relied on his co-conspirators' close relationship with the intelligence community in making his decision to use false end-use statements and bypass the AECA. In the absence of reliance by [defendant], this evidence was irrelevant to [defendant's] state of mind and therefore properly excluded by the district court.

Id. (emphasis added).

Similarly, in United States v. Cardoen, 898 F. Supp. 1563 (S.D.F.L. 1994) defendants were charged with illegally exporting zirconium to Chile.  Defendants argued that it should be allowed to they honestly believed they exported the goods in cooperation

3

with the government by pointing to evidence that the government knew of and sanctioned zirconium shipments to Chile. Id. at 1572. The court, however, ruled that the admissibility of such evidence depended on defendants showing

> (1) that they had knowledge of such act or conduct on the part of the government; and (2) that the government's act or conduct and the defendants' knowledge impact on the issue of the specific intent. At the CIPA hearing, [d]efendants . . . proffered no evidence of their own knowledge of the government's acts or conduct and, a fortiori, failed to connect the government's acts or conduct and their knowledge to the issue of specific intent.

Id.

The principle relied upon in both Johnson and Cardoen is not a new one. To the contrary, the principle of reliance as it relates to state of mind is well settled. One of the most obvious such examples is in the "advice of counsel" defense. There the defendant points to advice of counsel to negate specific intent. To rely on the defense, however, the defendant must prove two things, (1) full disclosure of all pertinent facts to an expert and (2) good faith reliance on the expert's advice. See United States v. Butler, 211 F.3d 826, 833 (4th Cir. 1981). Not surprisingly, reliance on an opinion occurring after the fact is irrelevant and inadmissible. See, e.g., United States v. O'Connor, 158 F. Supp. 2d 697, 728 (E.D.V.A. 2001) (characterizing defendants' attempt to rely on a lawyer's opinion letter drafted well after scheme began as "fruitless").

In light of the settled law in this area, it is beyond serious dispute that opinions of third parties reached after the fact or on which defendant never relied are wholly irrelevant to defendant's state of mind. The only remaining issue is whether

4

such opinions are relevant to bolster defendant's alleged state of mind or to demonstrate that it was reasonable. In other words, defendant points to the opinions of third parties to demonstrate the reasonableness of his own alleged beliefs. Such evidence would be inadmissible as well for a variety of reasons.

Initially, the court in Johnson rejected this very argument, finding that in the absence of reliance evidence that showed the "reasonableness" of defendant's belief was irrelevant. Johnson, 139 F.3d at 1359. Moreover, such testimony would be offering the opinion of a third party on the meaning of the ITAR regulations, which is also wholly improper. See Bammerlin v. Navistar Int'l Transp. Corp., 30 F.3d 898, 900 (7th Cir. 1994) (excluding expert testimony regarding compliance with Federal Motor Vehicle Safety standards). Finally, such evidence is also improper because it steps with both feet into the province of the jury by offering expert/lay opinion on the ultimate issue of defendant's state of mind.

## CONCLUSION

For all of the reasons discussed above, the government respectfully requests that the Court exclude from every aspect of the trial any evidence whether in the form of opinions or otherwise relating to public domain that defendant did not rely upon.