UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CHI MAK,<br><br>      Defendant. | Case No.: SACR 05-00293-CJC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [Dkts. 856, 860] |

## I. INTRODUCTION & BACKGROUND

Defendant Chi Mak led a conspiracy to pass sensitive naval technology to the People's Republic of China (the "PRC"). On May 10, 2007, after a six-week trial, a jury found Mr. Mak guilty of conspiracy to export defense articles, attempted export of defense articles, acting as an unregistered agent of a foreign government, and making a false statement. (Dkt. 605 [Jury Verdict].) On March 24, 2008, the Court sentenced Mr. Mak to a term of 293 months in prison. (*See* Dkt. 177.) Mr. Mak is currently serving

that sentence at Lompoc Federal Correctional Institute.  Defendant filed this motion for compassionate release in light of the COVID-19 pandemic.  (Dkt. 856 [Motion]; Dkt. 860 [Amended Motion, hereinafter "Mot."])  The government opposes Mr. Mak's motion. (Dkt. 866 [hereinafter "Opp."].)  For the following reasons, Mr. Mak's motion is **DENIED**.[1]

## II.   ANALYSIS

Mr. Mak argues that he should be released under the compassionate release provisions of the First Step Act, which allow a sentencing court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  He argues such reasons exist here because he "has been infected with COVID-19 and has a higher risk for death or developing serious medical complications from the virus, due to his age" of 79, and "additional time in custody is not required to satisfy the objectives of sentencing." (Mot. at 1.)

Even assuming Mr. Mak exhausted his administrative remedies[2], however, the seriousness of his crimes precludes his early release.  Any decision to reduce a term of imprisonment under the First Step Act requires a court to "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A)(i).  These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Crim. P. 57(b).  Accordingly, the hearing set for June 22, 2020 at 1:30 p.m. is hereby vacated and off calendar.

[2] The government argues Mr. Mak failed to exhaust administrative remedies because he submitted a Compassionate Release Request to the warden in October 2019, before the COVID-19 outbreak, and because his March 30, 2020 inquiry about his 2019 request for early did not release mention any COVID-19 concerns.  (Opp. at 8; *see* Mot. Ex. H [Compassionate Release Request]; Dkt. 866-9 at 4 [March 30, 2020 Inquiry].)  However, the warden's April 24, 2020 denial of Mr. Mak's request states that Mr. Mak "requested a reduction in sentence (RIS) based on concerns about COVID-19." (Dkt. 860-10.)

need for the sentence imposed. 18 U.S.C. § 3553(a). The nature of Mr. Mak's crimes was extraordinarily serious. He organized and led a conspiracy to pass the "crown jewels" of naval technology to the PRC. As the Court explained in its Statement of Reasons for Mr. Mak's sentence,

> Mr. Mak betrayed the United States. We entrusted him with our national security and the safety of our courageous men and women in the armed forces. He betrayed that sacred trust by being an agent of the PRC and attempting to pass sensitive naval technology to that country. To make matters worse, Mr. Mak lied to avoid prosecution and conviction. We will never know the full extent of the damage that Mr. Mak has done to our national security.

(Dkt. 690 [hereinafter "SOR"] at 2.) Mr. Mak's crimes were "treasonous," made possible by his position of public and private trust and his national security clearance. (*Id.* at 5.) As "the organizer and leader of" the crimes, he was "the most culpable defendant" in the conspiracy. (*Id.* at 3–4.) And he showed a "pattern of deceit," with lies at trial that were "demonstrable, material, and willful." (*Id.* at 7–8.) Given all these factors, the Court determined that a high-end advisory guideline sentence was necessary to "provide a strong deterrent to the PRC not to send its agents here to steal American military secrets," and to "ensure that Mr. Mak will never attempt to pass any of our military secrets to the PRC again." (*Id.* at 2, 9–10.) To grant Mr. Mak early release after serving only sixty percent of the sentence the Court imposed would not advance the goals set forth in 18 U.S.C. § 3553(a). *See, e.g.*, *United States v. Stone*, 2020 WL 2836794, at *3 (E.D. Cal. June 1, 2020) (concluding that release of Lompoc inmate who tested positive for COVID-19 was inappropriate under 18 U.S.C. § 3553(a), particularly because he remained a danger to the community).

Mr. Mak contends that "his conduct in custody demonstrates that release is appropriate in this case," citing his 14 and a half years in custody "without one

disciplinary incident," and his work and tutoring history in prison.  (Mot. at 6; Dkt. 867 [Reply] at 5.)  But these are exactly the sorts of traits that the Court concluded did not warrant leniency at sentencing.  Specifically, the Court found "that Mr. Mak's lack of criminal history, good reputation in the community and professional accomplishments contributed to his ability to carry out and conceal his crimes over an extended period of time. . . .  But for his good reputation and covert behavior, Mr. Mak never could have committed his crimes against the United States."  (SOR at 11.)  Moreover, there is evidence that Mr. Mak has no remorse for his actions, and that in 2014, while in prison, he told government agents that "he was entirely innocent of the charges he was earlier convicted of, that the government had unfairly targeted him from the outset, and was out to get him because he was ethnic Chinese and it fit the desired U.S. government narrative regarding espionage by China."  (Dkt. 866-1 [Declaration of James E. Gaylord] ¶¶ 3–4.)  Even if Mr. Mak has behaved well in prison, this does not warrant his early release.

Finally, the Court is not persuaded that the severity of the outbreak at Lompoc or Mr. Mak's positive test for COVID-19 constitute sufficiently extraordinary and compelling circumstances to warrant his release.  *See, e.g.*, *Stone*, 2020 WL 2836794, at *3; (denying Lompoc inmate's motion for compassionate release after testing positive for COVID-19); *United States v. Vargas*, 2020 WL 3056794, at *4–5 (D. Or. June 9, 2020) (same); *United States v. Purry*, 2020 WL 2773477, at *2 (D. Nev. May 28, 2020) (same).  This is so especially in light of the measures Lompoc has taken in response to the outbreak, including "the installation of a hospital care unit at the facility and universal testing."  *Purry*, 2020 WL 2773477, at *2; (Opp. at 14–15 [detailing the Bureau of Prisons' response to the Lompoc outbreak]).

//
//
//

### III. CONCLUSION

For the foregoing reasons, Mr. Mak's motion for compassionate release is **DENIED**.

DATED: June 11, 2020

_____
CORMAC J. CARNEY
CHIEF UNITED STATES DISTRICT JUDGE