**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff-Appellee,<br><br> v.<br><br>CHI MAK, AKA Dazhi Mai, AKA Daichi Mak, AKA Jack Mak, AKA Taichi Mak, AKA Seal A,<br><br>      Defendant-Appellant. | No.   20-50171<br><br>D.C. No.<br>8:05-cr-00293-CJC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 3, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Chi Mak appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United States v. Aruda*, 993

---

      \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 797, 799 (9th Cir. 2021), we affirm.

Mak contends, first, that the district court legally erred by denying his motion for compassionate release without addressing each of the enumerated factors in 18 U.S.C. § 3553(a), and second, that the district court abused its discretion in determining that the seriousness of his offense, his character, and the need for his sentence tipped the balance of the § 3553(a) factors against granting his motion for release. We disagree.

First, the legal standard for compassionate release does not require the district court to recite each of the provisions of § 3553(a). 18 U.S.C. § 3582(c)(1)(A) (stating that district courts must consider "the factors set forth in section 3553(a) *to the extent that they are applicable*" (emphasis added)); *cf. United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them.").

Second, while Mak may disagree with how the district court balanced the § 3553(a) factors, there is no basis for us to conclude the district court abused its discretion. The district court fully explained its reasons for reaching its conclusion, which is supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (explaining that a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Further, we find no error in the district court's determination that the balance of the § 3553(a)

factors weigh against Mak's release. This determination is a sufficient basis to affirm the district court's denial of Mak's motion for compassionate release. In light of this determination, we need not address Mak's contention that the district court erred in finding he had not shown "extraordinary and compelling" circumstances warranting his release. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**AFFIRMED.**